FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ DEC 09 2011

BROOKLYN OFFICE

C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X

JAMES DALE,

     Plaintiff,

  -against-

ERIC SCHNEIDERMAN, Attorney General
of the State of New York; SUPREME COURT,

     Defendants.
-----------------------------------------------------X

**MEMORANDUM AND ORDER**

11-CV-5816 (BMC)

**COGAN**, District Judge.

  Plaintiff James Dale, currently incarcerated at the Otis Bantum Correctional Center at

Rikers Island, filed this *pro se* action pursuant to 28 U.S.C. § 2403 and Rule 5.1(a) of the Federal

Rules of Civil Procedure. Dale's complaint asserts that section 220.39 of New York's Penal

Law (criminal sale of a controlled substance in the third degree) is unconstitutional because it

was never certified as constitutional by the New York State Supreme Court. Dale seeks to

"subpoena the certification of [§ 220.39] by the N.Y.S. Supreme Court as Constitutional" and to

"subpoena the Attorney General of the State of New York, to testify to the constitutionality of

[§220.39]." The Court grants Dale's request to proceed *in forma pauperis* pursuant to 28 U.S.C.

§ 1915 for the purpose of this order. The complaint is dismissed for the reasons set forth below.

**DISCUSSION**

  Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or,

in any event, as soon as practicable after docketing, a complaint in a civil action in which a

prisoner seeks redress from a governmental entity or employee of a governmental entity." Upon

review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is

"frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007); see also Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not just permitted but mandatory).

At the pleadings stage, a court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). Although Twombly applies to *pro se* complaints, it is axiomatic that such complaints are held to less stringent standards than pleadings drafted by attorneys. The Court is therefore required to read Dale's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. See Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197 (2007); Hughes v. Rowe, 449 U.S. 5, 101 S.Ct. 173 (1980).

Dale purportedly brings this action under 28 U.S.C. § 2403(b) and Rule 5.1(a) of the Federal Rules of Civil Procedure. Section 2403(b) provides that a federal court must permit a state to intervene in any existing federal case where the constitutionality of a state statute which affects the public interest is "drawn into question." Rule 5.1(a) states that a party who files a motion or pleading that calls into question the constitutionality of a state statute must serve such motion or pleading on the state attorney general. Taken together, these provisions simply provide a mechanism for notifying a state when the constitutionality of that state's law is being challenged in an existing federal action. These provisions do not create an independent cause of

2

action in federal court. See, e.g., Latta v. Cuomo, No. 10-CV-4120, 2010 WL 4607523, at *1 (E.D.N.Y. Nov. 5, 2010).

Even if I were to read Dale's complaint to assert valid claims pursuant to a federal law that provides an independent basis for federal jurisdiction, Dale seeks relief I cannot provide. In Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746 (1971), the Supreme Court held that a district court should not enjoin an ongoing state prosecution, regardless of whether the law under which the plaintiff is being prosecuted is constitutional, unless such an injunction is necessary to prevent immediate and irreparable injury. The Second Circuit has held that district courts must abstain from enjoining a state prosecution where: "'(1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an avenue open for review of constitutional claims in the state court.'" Liberty Mut. Ins. Co. v. Hurlbut, 585 F.3d 639, 647 (2d Cir. 2009) (quoting Philip Morris, Inc. v. Blumenthal, 123 F.3d 103, 105 (2d Cir. 1997)).

This case falls squarely within the traditional requirements for Younger abstention. First, there is a criminal case pending against Dale for violation of the New York statute that he challenges here.[1]  Second, New York has an important state interest in enforcing its criminal laws. Third, Dale is free to raise his claims of constitutional violations during the course of his pending state criminal proceeding. See Kugler v. Helfant, 421 U.S. 117, 124, 95 S.Ct. 1524 (1975) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."); Schlagler v. Phillips, 166 F.3d 439 (2d Cir. 1999). Dale does not allege any facts which suggest that this Court's failure to intervene

---

[1] The Court takes judicial notice that Dale – identified by his N.Y.S.I.D. number 5101100076 – was arrested on June 14, 2011, and charged with criminal sale of a controlled substance under New York Penal Law § 220.39. This case is still pending. See NEW YORK CITY DEPARTMENT OF CORRECTIONS INMATE LOOKUP SERVICE, http://a073-ils- web.nyc.gov/inmatelookup/pages/common/find.jsf (last visited 12/7/11).

3

in his state court proceeding will cause immediate or irreparable injury. <u>Younger</u> abstention is therefore appropriate here.

Finally, Dale does not provide any support for his assertion that N.Y. Pen. L. § 220.39 is unconstitutional. Dale seems to believe, erroneously, that a New York law is unconstitutional until it has been certified as constitutional by the New York Supreme Court. To the contrary, laws that were duly enacted by a state legislature are presumed to be constitutional. <u>Cusaac v. Schneiderman</u>, No. 11-CV-4127, 2011 WL 3876999, at *1 (E.D.N.Y. Aug. 31, 2011) (citing <u>INS v. Chadha</u>, 462 U.S. 919, 944, 103 S.Ct. 2764 (1983)).

Because Dale provides no other grounds for challenging the constitutionality of § 220.39, and because his instant claim is barred by <u>Younger</u> – and would be barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364 (1994), even if restyled as a claim under 42 U.S.C. § 1983 – I decline to allow Dale to file an amended complaint. Although I recognize that leave to replead should be granted to *pro se* litigants if a liberal reading of the complaint "gives any indication that that a valid claim might be stated," <u>Branum v. Clark</u>, 927 F.2d 698, 705 (2d Cir. 1991), I cannot conceive of a way that Dale's current allegations could give rise to a valid federal claim at this juncture. Of course, if there is a legitimate constitutional basis to challenge N.Y. Pen. L. § 220.39, Dale may bring a post-conviction challenge on federal *habeas corpus* review or he may sue under § 1983 after receiving a favorable disposition in state court.

## CONCLUSION

Accordingly, Dale's complaint is dismissed pursuant to 28 U.S.C. § 1915A(b). Because the Court did not consider whether N.Y. Pen. L. § 220.39 is constitutional, I decline to certify this question to the Attorney General of the State of New York. <u>See</u> <u>Johnson v. Artuz</u>, 182 F.3d 900 (2d Cir. 1999). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of

4

this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  Coppedge v. United States, 369 U.S. 438, 444-45, 82 S.Ct. 917 (1962).

**SO ORDERED.**

Dated: Brooklyn, New York
      December 7, 2011

                                                          U.S.D.J.

5